**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION**

|  |  |
|---|---|
| Joshua Gross, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Glenn Associates Mid-Atlantic, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT** |
| Defendants. | : |

For this Complaint, Plaintiff, Joshua Gross, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Joshua Gross ("Plaintiff"), is an adult individual residing in Elkview, West Virginia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Glenn Associates Mid-Atlantic, Inc. ("GAM"), is a Maryland business entity with an address of 14505 Greenview Drive, Suite 107, P.O. Box 159, Laurel, Maryland 20725, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by GAM and

whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. GAM at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Glenn for collection, or Glenn was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. GAM Engages in Harassment and Abusive Tactics

12. On or about November 16, 2015, GAM called Plaintiff and told him that it would pursue immediate legal action against Plaintiff if the Debt was not paid.

13. This statement overshadowed Plaintiff's right to dispute the Debt.

14. In addition, GAM failed to inform Plaintiff that it was calling in an attempt to collect the Debt and that any information obtained would be used for that purpose.

15. On November 30, 2015, GAM called Plaintiff and again threatened to sue Plaintiff if payment was not received.

16. To date, GAM has not taken any legal action against Plaintiff regarding the Debt.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

19. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

20. Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action against Plaintiff, without actually intending to do so.

21. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

22. Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform Plaintiff that the communication was an attempt to collect the Debt.

23. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

24. Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants overshadowed Plaintiff's right to dispute the Debt.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

26. Plaintiff is entitled to damages as a result of Defendant's violations.

**COUNT II**
**VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT**
**MD. CODE COMM. LAW § 14-201, et seq.**

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendants are each individually a "collector" as defined by MD. Code Comm. Law § 14-201(b).

29. The debt is a "consumer transaction" as defined by MD. Code Comm. Law § 14-201(c).

30. Defendants repeatedly contacted Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

31. Defendants attempted to claim and enforce a right which Defendants did not have a legal right to enforce or claim, in violation of MD. Code Comm. Law § 14-202(8).

32. Plaintiff is entitled to damages proximately caused by Defendants' violations.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 22, 2016

                              Respectfully submitted,

                              By   /s/ Sergei Lemberg
                              Sergei Lemberg, Esq.
                              LEMBERG LAW, L.L.C.
                              43 Danbury Road, 3rd Floor
                              Wilton, CT 06897
                              Telephone: (203) 653-2250
                              Facsimile:  (203) 653-3424
                              ATTORNEYS FOR PLAINTIFF